JANE MUIR,

v.

GEORGE WILSON and others.

A person who had been appointed general guardian of a minor, was afterwards, appointed special guardian of the same minor, in a suit for the partition of lands, of which the minor was a part owner. The usual bonds with sureties, were given, upon both appointments. The lands were sold; and the share of the moneys belonging to the minor, was paid to the guardian.

The ordinary bond of the general guardian, does not embrace the receipt and disposition of the moneys arising from the sale of the lands.

WILLIAM MUIR of the city of New York, died in 1809, leaving both real and personal estate. He had previously, made his will, by which he gave his estate to his children, in different shares. The complainant was one of his children, and a minor. On the twentieth day of February 1809, the surrogate appointed the defendant George Wilson, guardian of the complainant, in the usual manner. On that occasion, Wilson as guardian, and Robert Steele and James Carvill, as his sureties, executed a bond before the surrogate, with condition, that Wilson should in all things, faithfully discharge the duty of guardian of the complainant. Wilson having been thus appointed guardian, took into his possession, the personal property of his ward.

A suit for the partition of lands in which the complainant

was interested, as one of the owners, having been instituted in the mayor's court of the city of New York, Wilson, was appointed by that court, guardian of this minor, in that suit, according to the statute : and Wilson with James Carvill and Lewis A. Stollenwerck as his sureties, executed the usual bond required from guardians of minors, in suits for partition. On the twentieth day of February 1810, the mayor's court ordered the lands to be sold ; they were sold ; and Wilson as guardian of the complainant, received her share of the money produced by the sale.

Wilson having thus received the personal property of his ward and also the moneys produced by the sale of her lands, has wasted her estate, or has not fully accounted for it ; and he is insolvent. Carvill became insolvent, and is dead. Stollenwerck became insolvent, and obtained a discharge from his debts.

This suit was instituted against Wilson and the representatives of Steele, who is deceased, to obtain an account of the trust and transactions of the guardian, and to recover from the representatives of Steele, whatever sum might be due from Wilson to his ward, arising from her lands as well as her personal property. Various proceedings had taken place in the cause, which was fully discussed ; but one principal question was now argued and determined : and so much of the case as is necessary to a clear conception of this point, has been stated. This question was, whether Steele and his representatives were liable to the complainant, for the moneys arising from the sale of her lands, which moneys had been received by Wilson, or not.

The cause was argued by Mr. BLEECKER for the complainant, and Mr. EMMET for the defendants.

THE COURT. Wilson as general guardian by the appointment of the surrogate, was authorized to receive the rents and profits of the lands of the complainant, during her minority ; but he had no power to dispose of those lands, in fee. The bond directed by law and taken by the surrogate, is adapted to the powers and duties of the guardian, and to the amount of the property of his ward, which his trust authorizes him

to receive. Its penalty is equal to the value of the personal estate of the minor, and the rents and profits of the real estate, during the minority; and it does not include the value of the lands of the minor; that value being a subject which the guardian can not receive.

It is because the general guardianship does not extend to a disposition of lands, that the act for the partition of lands, provides, that where minors are parties, special guardians shall be appointed; who shall give sufficient security, for the faithful discharge of those special trusts. In like manner, the statutes concerning the sale of the lands of infants, require, that when a sale is authorized, a special guardian shall be appointed, and special security for the faithful discharge of the particular trust, shall be given.

Two distinct guardianships here existed; and Wilson was appointed to both. They were nevertheless, distinct trusts; and the requisite security for the faithful discharge of each of these guardianships, was duly given. Our statutes, the rules of law concerning the powers and duties of guardians, and the different bonds here given, all, clearly distinguish these different trusts, from each other; and it is impossible, to confound them into one office. The general guardian had no power to convert these lands into money; and the bond given to secure a faithful performance of the general guardianship, can not embrace a transaction so entirely foreign to the powers and duties of that trust.

The sale of the lands of this minor, was ordered by a competent court, in a due course of law; Wilson was appointed her special guardian, in that proceeding; security for the faithful discharge of that trust, was taken from this special guardian, according to the statute; and that security must answer for the moneys arising from the sale and belonging to the complainant. The sale of the lands, the receipt of the moneys arising from the sale, and the misapplication of those moneys by Wilson, being acts wholly foreign to the duties of his general guardianship, are not embraced by the bond given for the discharge of those duties. The representatives of Steele, are therefore, not responsible for the receipt or disposition by Wilson, of the moneys arising from the sale of the lands.