(75 Misc. Rep. 454.)

## In re WOLFE.

(Surrogate's Court, Saratoga County.   January, 1912.)

1. GUARDIAN AND WARD (§ 141*)—SETTLEMENT OF ACCOUNT—JURISDICTION OF SURROGATE.

A surrogate cannot compel a guardian to account for money received by him after his ward's death, though it is claimed to be part of the ward's estate.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 472; Dec. Dig. § 141.*]

2. GUARDIAN AND WARD (§ 141*)—SETTLEMENT OF ACCOUNT—JURISDICTION OF SURROGATE.

A guardian who has paid from his own funds a sum necessary to revive insurance on the life of his ward which had lapsed when the guardian was appointed, and was not in terms payable to any specific person, and who receives from the insurance company the amount due on the policy and claims it as his own, cannot be compelled to account therefor as guardian.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 472; Dec. Dig. § 141.*]

3. GUARDIAN AND WARD (§ 141*)—ADMINISTRATION OF ESTATE—LIABILITIES.

The authority of a guardian ceases on the death of the ward, and his liability, if any, for money received on a policy on the life of the ward, must be determined in an action by the administrator of the ward.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 472; Dec. Dig. § 141.*]

Judicial settlement of the account of Frederick J. Wolfe, as general guardian of Charles P. Wolfe.   Decree entered.

This is a proceeding for the settlement of the accounts of a guardian. The ward having died, the guardian filed his petition for the judicial settlement of his accounts. An administrator of the deceased ward having been appointed, said administrator appeared and filed objections to various items of the account, all of which were abandoned upon the trial, with the exception of a claim for moneys received by way of insurance upon the life of the ward, the facts concerning which are set forth in the opinion.

Butler & Kilmer, for petitioner.
James White (George R. Salisbury, of counsel), for administrator.

OSTRANDER, S.   The only controversy upon this accounting arises over the disposition of certain moneys, amounting to $230.88, paid by the Prudential Insurance Company of America, pursuant to a policy issued by it upon the life of Charles P. Wolfe, the ward, now deceased.

Prior to the appointment of Frederick J. Wolfe as guardian of the deceased ward, the Prudential Insurance Company of America issued a policy upon his life. The policy was not in terms payable to any specific person. In said policy it was provided that said company—

"hereby insures the life of the person herein designated as the insured, and agrees to pay the benefit stipulated in the following schedule, subject to the conditions, privileges and provisions contained on the second, third and fourth pages hereof, which are hereby made part of this contract."

---

And the only provisions pertaining to the payment which are material to this controversy are the following:

"Facility of Payment.—The company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or, if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied.

"Revival of Policy.—If this policy be lapsed for nonpayment of premium, it will be revived within one year from the date to which premiums have been duly paid upon payment of all arrears, provided evidence of the insurability of the insured satisfactory to the company be furnished."

At the time of the appointment of Frederick J. Wolfe as guardian, the policy had lapsed for nonpayment of premium, and thereafter said Frederick J. Wolfe paid from his own funds the moneys necessary to revive the policy and to keep it in force to a time later than the death of the ward.

Subsequently to the death of the ward, the insurance company paid the amount due upon the policy, $230.88, to said Frederick J. Wolfe, who claims to have received it as his individual property.

This claim is contested by the administrator who claims that the guardian, Frederick J. Wolfe, should account for this money as funds of the estate of his ward which came to him in the administration of his duties.

[1] It has been held that the power of the surrogate to control the conduct of executors and administrators does not extend to property to which as executors or administrators they have no title or right of possession. Matter of Blow, 11 N. Y. Supp. 193. In Rait v. Rait, 1 Bradf. Sur. 345, it was held that the surrogate had no authority to compel a guardian to account for moneys received by him prior to his appointment as such guardian, and that such authority was commensurate with acts or neglects of duty occurring during the period of the official authority of the guardian.

In Muir v. Wilson, 1 Hopk. Ch. 512, a general guardian of a ward had been appointed, and later was appointed as special guardian for the purpose of selling the lands of the infant. The funds received upon the sale were turned over to the general guardian, and it was held that the general guardian, as such, was not accountable for the funds so received, as he did not receive them by virtue of his office as general guardian; and the principle seems to hold in all these cases that a guardian, executor, or administrator cannot be held accountable for funds which he had no authority by virtue of his letters and appointment to collect. The remedy in such cases appears to be by way of an action in a court of general jurisdiction to recover the funds from the person wrongfully receiving and holding the same.

[2] Applying those principles to the case in hand: When Charles P. Wolfe died, the authority of his guardian ceased; and it then be-

came his duty to account for and hand over the funds in his possession, after deduction of his proper charges and disbursements as such guardian, to the administrator of the ward. If the proceeds of this insurance policy belonged to the estate of the ward, they did not become payable until a period subsequent to the death of the ward, and Frederick J. Wolfe as guardian could have no action or proceeding to recover the same from the company during the period of his office; and whatever he did subsequently to the death of the ward he did, not as guardian, but individually, and his sureties cannot be held upon this accounting for any acts which the guardian did, acting outside the scope of his authority as guardian.

[3] It follows that, if any recovery is to be had from Frederick J. Wolfe for the moneys received by him upon this policy, it must be by way of an action by the administrator against said Frederick J. Wolfe in some other court than this.

It follows that the guardian should not be charged upon this accounting with the amount of insurance moneys received as aforesaid.

Let findings and a decree to that effect be submitted.

Decreed accordingly.